**In re GAS METERS ANTITRUST LITIGATION.**

Civ. A. Nos. 78–488, 78–631 and 78–2094. MDL No. 360.

United States District Court, E. D. Pennsylvania.

Jan. 17, 1980.

Kohn, Savett, Marion & Graf P. C., Philadelphia, Pa., for Philadelphia Elec. Co. (plaintiff).

Wolf, Block, Schorr & Solis–Cohen, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for Philadelphia Gas Works (plaintiff).

Gross & Sklar, P. C., Philadelphia, Pa., Rosenn, Jenkins & Greenwald, Wilkes–Barre, Pa., for Pennsylvania Gas and Water Co. (plaintiff).

Patrick T. Ryan, Philadelphia, Pa., for the Singer Co. (defendant).

Edward W. Mullinix, Philadelphia, Pa., for Rockwell Intern. Corp. (defendant).

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

A joint application for counsel fees and reimbursement of litigation expenses and administrative costs has been filed by counsel for the representative plaintiffs Philadelphia Electric Company (PECO), Philadelphia Gas Works (PGW) and Pennsylvania Gas and Water Company (PaG&W). The application arises out of litigation begun on February 14, 1978, by the filing of a Complaint by PECO against Rockwell International Corporation (Rockwell), The Singer Company (Singer) and Textron Inc. (Textron).[1] On February 27, 1978, PGW filed its Complaint against the same three defendants,[2] and on June 22, 1978, PaG&W filed its Complaint against these three defendants.[3] The Complaints charged the three defendants with violations of Section 1 of the Sherman Act[4] by reason of their having engaged in unreasonable restraint of interstate trade and commerce in gas meters, resulting in price fixing of gas meters at artificially high and non–competitive levels. The three plaintiffs filed motions for class action determination. By stipulation of the parties, the cases were consolidated and the litigation was maintained as a class action.

Approximately eight months after the first Complaint was filed, the U. S. Government filed an indictment against Rockwell and Textron, together with a civil suit for injunction against Rockwell, Textron and Singer. The defendants and co–conspirators were charged with conspiracy to fix and maintain prices in the sale of gas meters from May, 1973 through November, 1977. Rockwell later pleaded "guilty" and Textron was convicted at a jury trial.

Subsequently, applicants were able to settle the civil case with Textron for $2,300,000.00 and the civil case with Singer for $5,250,000.00. Counsel placed the settlement funds into an interest bearing account. Finally, a settlement was reached with Rockwell in the amount of $7,825,000.00 which brought the total settlement fund to over 8% of the class purchases in the four year period, between 1973 and 1977. The Rockwell settlement fund also was invested at advantageous interest. The total settlement fund aggregated $15,375,000.00.

This application was filed on behalf of five law firms seeking as of July 9, 1979, a joint award of counsel fees for the services of counsel in this litigation in the amount of $1,400,000.00, and reimbursement of costs disbursed by counsel in the amount of $19,516.14. The fees and reimbursement for disbursements are to be paid out of the settlement fund of $15,375,000.00, plus accrued interest. The counsel fee requested is the product of approximately four (4) times the hourly rate normally charged by the applicants. The normally charged hourly rate totals $333,014.85.

Prior to August 10, 1979, the five law firms supplemented their original Joint Application for Counsel Fees with a document

---

**1.** Philadelphia Electric Company v. Rockwell International Corporation, et al., C.A.No. 78–488.

**2.** Philadelphia Gas Works v. Rockwell International Corporation, et al., C.A.No. 78–631.

**3.** Pennsylvania Gas & Water Company v. Rockwell International Corporation, et al., C.A.No. 78–2094.

**4.** 15 U.S.C. § 1.

entitled "Schedule of Attorneys Time and Disbursements."[5] Section II of that document sets forth the additional hours spent by the respective applicants, computed from July 10, 1979 through August 8, 1979, and the value of said time based upon the multiplication of the hours listed by the respective hourly rates. The value of the additional time spent is computed to be $29,946.25, thereby increasing the total of the normally charged hourly rate to $362,961.10.

Section IV of the document reflects additional disbursements expended by the respective law firms during the July 10, 1979 through August 8, 1979 period. The total of the additional disbursements is $1,237.12, thereby increasing the total of the requested reimbursement for disbursements to the sum of $20,753.16.

On December 5, 1979, Seymour Kurland, a member of the firm of Wolf, Block, Schorr and Solis–Cohen, co–counsel for plaintiffs and one of the petitioners herein, filed a document entitled "Further Addendum to Fee Application."[6] This document revises Exhibit B of the original Joint Application. Its purpose is the elimination of the appearance of any duplication of effort and services provided by the respective petitioning law firms. It reduces the total number of hours claimed by the Wolf, Block law firm from 1365.2 hours to 842.8 hours, and includes a corresponding reduction in that firm's hourly charges from $125,867.10 to $96,961.50.[7]

Some of the class members have filed Objections to the Joint Application for Counsel Fees and Reimbursement of Litigation Expenses and Administration Cost. An evidentiary hearing was held. While most objectors do not object to the normal hourly rate charged by the joint applicants, nor the number of hours credited by the applicants, they do object to any increase over and above the normal hourly rate. The thrust of their objections is that difficulty in this case was removed by reason of

the actions of the United States Justice Department and the Singer Company, which had volunteered information about the price fixing to the Government.

■ When a fund is recovered in a class action, the Court, in determining the fee to be awarded, must carefully examine the services detailed by counsel for which compensation is required. *Lindy Brothers Builders v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3rd Cir. 1976) (Lindy II). *Lindy Brothers Builders v. American Radiator & Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973) (Lindy I).

■ The purpose of the award of attorneys fees is to compensate the attorneys for the reasonable value of their services. The first inquiry of the Court should be the hours spent by the attorneys in the various general activities, e. g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e. g., senior partners, junior partners, associates. (Lindy I). Lindy suggests the logical beginning in valuing an attorney's services is to fix a reasonable hourly rate for his time, taking into account his legal reputation and status (partner, associate). Where, as here, several law firms have requested fees, several different rates apply. The reasonable hourly rate is then multiplied by the reasonable number of hours necessary to perform the services, and this is the "lodestar" of the Court's fee determination. The "lodestar" may be increased or decreased by taking into account the contingent nature of success and the quality of the attorney's work. The contingent nature of success is of special significance where, as in the case *sub judice*, the attorneys have no private agreement that guarantees payment even if there is no recovery. In determining the quality of the attorney's work we must consider the complexity and novelty of the issues presented, the quality of the work

---

5. See Appendix A.

6. See Appendix D–1.

7. The time spent figures and the hourly charges were computed including the additional hours claimed by this firm as contained in Section II of the August "Schedule of Attorneys Time and Disbursements."

which we have observed, and the amount of the recovery obtained. (Lindy I).[8]

The applicants filed their application for a fee jointly and request a single aggregate fee award. They allege that they worked on the litigation jointly, thereby avoiding duplication of effort.

Each of the law firm applicants has filed an affidavit in support of the joint application for counsel fees and reimbursement, which includes a description of the law firm and a breakdown of the number of hours spent by each firm (and individuals) and their normal hourly billing rate. The breakdown of the hours spent by the individuals in each firm, their hourly rate, and the firm's disbursements is attached for each firm.[9]

As of July 9, 1979,[10] the time devoted by the respective applicants was as follows:

| FIRM | HOURS | HOURLY RATE | VALUE |
|---|---|---|---|
| Kohn, Savett, Marion & Graf, P.C. | 1,023.75 | $50. to $250. | $119,786.25 |
| Wolf, Block, Schorr and Solis-Cohen | 808.7[11] | $74. to $150. (attorney) | 93,161.00 |
| Obermayer, Rebman, Maxwell & Hippel | 697.00 | $60. to $130. (attorney) $35. (legal assistant) | 38,793.00 |
| Gross & Sklar, P.C. | 376.00 | $65. to $135. (attorney) $25. (paralegal) | 47,217.50 |
| Rosenn, Jenkins & Greenwald | 48.75 | $95. to $135. | 5,032.00 |
| TOTAL | 2,954.20 | | $303,989.75 |

The combined "lodestar" as of July 9, 1979, is $303,989.75. There have been no objections to the "lodestar" by the class members, including those who filed objections to the joint application for fees. The objections filed by counsel for the American Gas Association,[12] which represents approximately 300 companies in the transmission and/or distribution of natural gas, set forth in pertinent part: "... this record .. suggests .. that the applicants' normal high degree of competence, as reflected in sub-

8. For a more detailed explanation of the procedure to determine reasonable attorneys' fees, see *Lindy II; Lindy I; Merola v. Atlantic Richfield Co.*, 515 F.2d 165 (3rd Cir. 1975) (Merola II); *Merola v. Atlantic Richfield Co.*, 493 F.2d 292 (3rd Cir. 1974) (Merola I).

9. Kohn, Savett, Marion & Graf, P. C.–See Appendix B
Obermayer, Rebmann, Maxwell & Hippel–See Appendix C
Wolf, Block, Schorr and Solis–Cohen–See Appendix D
Gross & Sklar, P. C.–See Appendix E
Rosenn, Jenkins & Greenwald–See Appendix F

10. We use the July 9, 1979 figures because we have concluded that the time spent from July 10, 1979 through August 8, 1979 and the corresponding hourly rates and values is not to be increased above the normal. The time spent during that time period primarily was administrative, and did not bear on the settlement of the cases. The values for that time period, totaling $29,946.25, will be awarded without an increase.

11. This figure has been revised by the court in accordance with Wolf, Block's "Further Addendum to Fee Application." (See Footnote 7, *supra*)

12. See Request of American Gas Association to Appear, filed August 27, 1979, Docket Item 125.

stantial hourly rates, was sufficient to meet the tests involved in this case." Boston Gas Company's counsel suggested that this court "Award to Applicants counsel fees in the amount of [$303,989.75 [13]] a figure equal to the aggregate of Applicants' regular hourly billing rates applied to the total number of hours expended by them on this litigation." [14]

Since the joint applicants have itemized their services and since the "lodestar" is virtually uncontested, we have no difficulty awarding the "lodestar" as counsel fees, since a careful analysis of the affidavits filed by the applicants shows them to be accurate and reasonable. As burdensome as it is for a court to calculate only the "lodestar", our task becomes most difficult when, as here, the applicants request an increase of the "lodestar".

Although the petitioning counsel have filed a joint application for fees, each law firm has itemized its work. We shall therefore examine the affidavits individually.

The petitioner Kohn, Savett, Marion & Graf, P. C. claims a total of 1,023.75 hours through July 9, 1979. This petitioner is well known for its knowledge and abilities in class action litigation. The firm is among lead counsel or on the executive committee of numerous multi–district cases and other class suit litigation. An examination of Appendix B reveals that the hourly rate for H. E. Kohn is $250.00. Although that rate may seem high to some, it has not been questioned by the objectors here, and that rate has been approved in other cases involving Mr. Kohn. We shall therefore accept it here. We shall likewise accept the hourly rate of the other members of the firm. A careful review of Appendix B satisfies us that ·there was no unnecessary duplication of services performed. Although Mr. Kohn had the highest hourly rate, his total hours were less than each of three other members of the firm, thus indicating an effort to limit the amount of the fee.

The affidavits of the other petitioning law firms have also been carefully examined. The "objectors" do not object to the "lodestar" of $93,161.00 for Wolf, Block, Schorr and Solis–Cohen, to the "lodestar" of $38,793.00 for Obermayer, Rebmann, Maxwell & Hippel, to the "lodestar" of $47,217.50 for Gross & Sklar, P. C., and to the "lodestar" of $5,032.00 for Rosenn, Jenkins & Greenwald. Nothing in the affidavits compels us to reduce the value of the service of the petitioners. The Wolf, Block affidavit shows fees of $74.00 to $150.00 hourly for the attorneys. Each attorney's time expended is set forth for each character of legal work performed.

Our same reasoning applies to the affidavits submitted by the Obermayer firm, by Gross & Sklar, and by the Rosenn firm. The Obermayer affidavit shows an hourly rate for attorneys between $60.00 and $130.00 and $35.00 for a legal assistant. The Gross & Sklar affidavit shows an hourly rate between $65.00 and $135.00 for attorneys and $25.00 for paralegals. Finally, the Rosenn affidavit shows the hourly rate for attorneys between $95.00 and $135.00. Each affidavit itemized each attorney's time expended for each character of legal work performed.

We, therefore, find initially that Kohn, Savett, Marion and Graf, P. C. is reasonably entitled to a fee of $139,250.00; that Wolf, Block, Schorr and Solis–Cohen is reasonably entitled to a fee of $93,161.00; that Obermayer, Rebmann, Maxwell & Hippel is reasonably entitled to a fee of $40,735.00; that Gross & Sklar, P. C. is reasonably entitled to a fee of $51,957.50; and that Rosenn, Jenkins & Greenwald is reasonably entitled to a fee of $5,032.00. The "lodestar" for the joint applicants is therefore $303,989.75.

The next factor for us to consider is the extent, if any, to which the quality of an attorney's work mandates increasing the amount to which we have found the attorney reasonably entitled. *Lindy I*, at 168.

13. This figure has been revised by the Court to reflect Wolf, Block's addendum.

14. See Letter from Frank L. McNamara, Jr., Esq., counsel for Boston Gas Company, filed on August 14, 1979, Docket Item 115.

*Lindy I* mandates that we consider the complexity and novelty of the issues, the quality of work we observe, and the amount of recovery obtained. There is no question as to the quality of the work of the applicants. The amount recovered and the result achieved clearly demonstrates the quality of the services performed. The benefit conferred upon the class is of importance in fixing the attorneys' fees. *Lindy I, Levin v. Mississippi River Corp.*, 377 F.Supp. 926 (S.D.N.Y.1974), *affirmed,* 508 F.2d 836 (2d Cir. 1974). Here, the applicants were successful in obtaining for the class, a settlement of more than 8% of the class purchases during the four year period between 1973 and 1977. The total amount obtained is $15,375,000.00, which makes this one of the largest class settlements.

The benefit conferred upon the class must be valued against the time expended. Merely valuing the time in fixing the attorneys' fee could reward inefficiency and penalize efficiency. See *Dorfman v. First Boston Corporation*, 70 F.R.D. 366 (E.D.Pa. 1976). Professor Hornstein in his article entitled "Legal Therapeutics: The 'Salvage' Factor in Counsel Fee Awards", 69 Harv.L. Rev. 658 stated:

"Where success is a condition precedent to compensation, 'hours of time expended' is a nebulous, highly variable standard, of limited significance. One thousand plodding hours may be far less productive than one imaginative, brilliant hour. A surgeon who skillfully performs an appendectomy in seven minutes is entitled to no smaller fee than one who takes an hour; many a patient would think he is entitled to more."

Awarding fees based solely upon hours could reward a poor performance. The need to view attorneys' time in relation to the results achieved has been recognized by the courts in applying the principles set forth by *Lindy I.*

The settlements obtained by the applicants are excellent as to amount. The standing and ability of the applicants certainly contributed in producing the fund obtained and the efficiency in which it was obtained. This complex litigation could have burdened the trial and appellate courts for a great length of time had it not been settled.

In *Bleznak v. C. G. S. Scientific Corp.*, 387 F.Supp. 1184 (E.D.Pa.1974), Judge Broderick aptly described the situation here when he stated:

"If these cases had been tried to verdict, there is no doubt that hundreds of additional hours of lawyers' time would have been expended. The possibility, however, of a trial producing a more favorable recovery for the class is remote, and the class would risk the many hazards of litigation, such as trial errors, appeals, verdict uncertainty, etc."

In awarding fees in class actions, courts have recognized the importance of encouraging, by generous fee awards, private counsel to undertake responsibility to assist in the enforcement of antitrust laws. As Judge Weinstein stated in *Dolgow v. Anderson*, 43 F.R.D. 472, 494–5 (E.D.N.Y. 1968):

"In some areas of the law, society is dependent upon 'the initiative of lawyers for the assertion of rights' . . . and the maintenance of desired standards of conduct. The prospect of handsome compensation is held out as inducement to encourage lawyers to bring such suits . . . The instant case presents a classic example of such a lawsuit. Quite obviously, a major incentive to forceful prosecution is the substantial counsel fee plaintiffs' attorney believes he may be awarded if successful."

The fee of the applicants is wholly contingent. The contingent nature of the fee must be taken into consideration by us in fixing the final fee. The contingent nature of the fee requires that the award be generous, for had counsel worked just as long and hard, but obtained nothing for the class, they would receive nothing.

█ The applicants have requested that they be awarded a total fee which represents an increase of approximately four times the "lodestar". Although the appli-

cants undertook their representation on a contingent fee basis, performed work of the highest quality, and obtained an excellent recovery, we cannot agree to an increase of four times the "lodestar". We find that under all of the circumstances of this case, the applicants are entitled to an increase of 2.5 times the "lodestar", a total fee of $759,974.38.

The applicants have also requested reimbursement of costs disbursements which are set forth in the affidavits of the applicants. A careful review of the disbursements made by each of the applications does not reveal any reason not to approve and award the requested total amount of $20,753.16.[15]

■ It is interesting to note that Boston Gas Company, one of the objectors to any increase of the "lodestar" has itself filed an application for counsel fees and expenses. They ask for reimbursement of $6,733.50 out of the settlement fund as reimbursement for counsel fees and expenses incurred by Boston Gas in opposing the joint application for fees filed by class counsel. We will not deplete the settlement fund by granting this petition. It would only encourage fee petitions from anyone objecting to any class action filing or determination. The equitable fund doctrine for award of fees enunci-

ated by *Lindy I* and related cases was not intended to include fees requested by an objector to the class counsel's request for fees.

### ORDER

The Application for Boston Gas Company for Counsel Fees and Expenses is DENIED.

The Joint Application by Class Counsel for Counsel Fees and Reimbursement of Litigation Expenses and Administration Costs is GRANTED, as adjusted by this Court.

The following monies shall be paid out of the settlement funds to petitioning counsel:

| | |
|---|---|
| Fee as of July 9, 1979 | $759,974.38 |
| Fee as of July 10, 1979 through August 8, 1979 | 29,946.25 |
| Reimbursement of Costs and Disbursements | 20,753.16 |

IT IS SO ORDERED.

### APPENDIX A

### SCHEDULE OF ATTORNEYS TIME AND DISBURSEMENTS

I. The time devoted to this matter by applicants as of July 9, 1979 (per original Joint Application for Counsel Fees):

| Firm | Hours | Value |
|---|---|---|
| Kohn, Savett, Marion & Graf, P.C. | 1,023.75 | $119,786.25 |
| Wolf, Block, Schorr & Solis-Cohen | 1,331.00 | 122,186.10 |
| Obermayer, Rebmann, Maxwell & Hippel | 697.00 | 38,793.00 |
| Gross & Sklar, P.C. | 376.00 | 47,217.50 |
| Rosenn, Jenkins & Greenwald | 48.75 | 5,032.00 |
| Total | 3,476.50 | $333,014.85 |

II. Additional time spent by applicants in connection with the settlements, the hearing set for August 10, 1979, admin-

istration of proofs of claim and related matters (July 10, 1979 through August 8, 1979):

| Kohn, Savett, Marion & Graf, P.C. | | |
|---|---|---|
| Harold E. Kohn | 25.75 | $ 6,437.50 |
| David H. Marion | 34.00 | 4,250.00 |
| David H. Weinstein | 102.25 | 8,691.25 |
| Wayne M. Thomas | 1.00 | 85.00 |
| | 163.00 | $19,463.75 |

15. This amount includes the additional disbursement made during the July 10, 1979 through August 8, 1979 period.

Wolf, Block, Schorr & Solis-Cohen

| | | |
|---|---|---|
| Seymour I. Kurland | 10.2 | $ 1,530.00 |
| Barry F. Schwartz | 23.9 | 2,270.50 |
| | 34.1 | $ 3,800.50 |

Obermayer, Rebmann, Maxwell & Hippel

| | | |
|---|---|---|
| Walter R. Milbourne | 3.5 | $ 455.00 |
| A. Grant Sprecher | .1 | 13.00 |
| James W. Christie | 21.3 | 1,278.00 |
| Barbara Heaton | 5.6 | 196.00 |
| | 30.5 | $ 1,942.00 |

Gross & Sklar, P.C.

| | | |
|---|---|---|
| Bernard M. Gross | 12.50 | $ 1,687.50 |
| Warren Rubin | 27.75 | 3,052.50 |
| | 40.25 | $ 4,740.00 |

III. Combined Totals (rounded to quarter hours)

| Firm | Hours | Value |
|---|---|---|
| Kohn, Savett, Marion & Graf, P.C. | 1,186.75 | $139,250.00 |
| Wolf, Block, Schorr & Solis-Cohen | 1,365.00 | 125,986.60 |
| Obermayer, Rebmann, Maxwell & Hippel | 727.50 | 40,735.00 |
| Gross & Sklar, P.C. | 416.25 | 51,957.50 |
| Rosenn, Jenkins & Greenwald | 48.75 | 5,032.00 |
| Total | 3,744.25 | $362,961.10 |

Note that the time spent set forth above excludes time spent in connection with the fee application and related matters. Moreover, time yet to be spent on remaining aspects of the litigation (estimated to be 500 hours) is not included.

IV. Disbursements expended in this matter by applicants:

Kohn, Savett, Marion & Graf, P.C.
 Disbursements per Application: $ 4,455.46 */
 Additional disbursements to
 August 8, 1979:

| | | |
|---|---|---|
| Court Costs | $ 4.50 | |
| Travel | 102.20 | |
| Long distance tele. | 63.72 | |
| Duplicating & Printing | 213.10 | |
| Special Postage | 155.54 | |
| | | 539.06 |
| Total | | $ 4,994.52 |

Wolf, Block, Schorr & Solis-Cohen
 Disbursements per Application: $11,406.66
 (no additional)

/* The disbursements originally submitted were erroneously totalled as $4,455.56, but should have been $4,455.46.

964

Obermayer, Rebmann, Maxwell & Hippel
 Disbursements per Application: $ 2,421.88
 Additional disbursements to
 August 7, 1979

 Duplicating $ 523.40
 Postage 57.74
 Meals 16.50
 Secretarial Services 73.08
 670.72

 Total $ 3,092.60

Gross & Sklar, P.C.
 Disbursements per Application: $ 1,069.94
 Additional disbursements to
 August 6, 1979:

 Telephone $ 12.59
 Duplicating 14.75
 27.34

 Total $ 1,097.28

Rosenn, Jenkins & Greenwald
 Disbursements per Application: $ 162.10
 (no additional)

TOTAL OF ALL DISBURSEMENTS ABOVE: $20,753.16

APPENDIX B

KOHN, SAVETT, MARION & GRAF, P.C.

ANALYSIS OF ATTORNEY TIME BY ACTIVITY
THROUGH JULY 9, 1979

| Attorney | Pleadings & Briefs | Special Matters & Research | Depns. | Discovery Documents | Discovery Other | Court App. | Settlement | Set. Adm. | Mtg. of counsel | Conf. w/ client | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|
| H. E. Kohn | 20.25 | 2.25 | 1.50 | | | 22.50 | 72.00 | | 9.50 | 2.00 | 130.00 |
| D. H. Marion | 63.50 | 6.50 | 30.25 | 15.25 | 8.50 | 43.50 | 66.00 | 10.25 | 54.50 | 38.00 | 336.25 |
| D. H. Weinstein | 173.00 | 2.75 | 14.25 | 77.25 | 18.25 | 7.50 | 71.25 | 40.50 | 9.50 | 1.00 | 412.50 |
| W. M. Thomas | 54.25 | 2.75 | | 5.75 | 7.00 | 10.00 | | | 4.00 | 1.00 | 84.75 |
| D. M. Nast | 2.50 | | | | | | .75 | | | | 3.25 |
| J. S. Cohen | 3.50 | | | | | | | | | | 3.50 |
| E. M. Katz | .50 | | | 50.25 | | | | | | | 50.75 |
| TOTALS | 317.50 | 14.25 | 46.00 | 148.50 | 33.75 | 83.50 | 210.00 | 50.75 | 77.50 | 42.00 | 1,023.75 |

The hourly rates charged corporate clients and others for services of a non–contingent nature rendered by Kohn, Savett, Marion & Graf, P. C. are as follows:

| | |
|---|---|
| Harold E. Kohn | $250 |
| David H. Marion | 125 |
| David H. Weinstein | 85 |
| Wayne M. Thomas | 85 |
| Dianne M. Nast | 85 |
| Jay S. Cohen | 50 |
| Elkin M. Katz | 50 |

The time in hours expended by attorneys in this firm is set forth in the attached chart, divided by categories of services rendered (other than in connection with this Application) through July 9, 1979, as well as totally.

The firm's disbursements in this litigation to date are as follows:

| | |
|---|---|
| Court costs | $ 34.40 |
| Transcripts | 239.40 |
| Travel | 929.32 |
| Long Distance Telephone | 199.85 |
| Duplicating & Printing | 2,011.40 |
| Special Postage | 241.09 |
| Professional Services | 800.00 |
| | $4,455.56 |

## APPENDIX C

### ANALYSIS OF TIME AND WORK PERFORMED BY OBERMAYER, REBMANN, MAXWELL & HIPPEL

Billing Rates:

| | |
|---|---|
| Walter R. Milbourne | $ 130.00 |
| A. Grant Sprecher | 130.00 |
| Barton Hertzbach | 90.00 |
| James A. Young | 90.00 |
| James W. Christie | 60.00 |
| Barbara H. Heaton, Legal Assistant | 35.00 |

Meetings with client; investigation of facts; preparation of Complaint

| | |
|---|---|
| Walter R. Milbourne | 5.60 |
| A. Grant Sprecher | 3.00 |
| Barton Hertzbach | .60 |
| | 9.20 |

Conferences with Co-Counsel for coordination of lawsuit and attendance at pre-trial conferences

| | |
|---|---|
| Walter R. Milbourne | 15.00 |
| A. Grant Sprecher | 3.00 |
| James A. Young | 6.00 |
| James W. Christie | 30.30 |
| | 54.30 |

Research, drafting and preparation of pleadings and briefs
and conferences relating thereto

| | |
|---|---|
| Walter R. Milbourne | 8.00 |
| A. Grant Sprecher | 2.50 |
| James W. Christie | 10.00 |
| | 20.50 |

Discovery, including such matters as statistical analyses,
inspection of documents, review of answers to interrogatories,
and preparation for depositions

| | |
|---|---|
| Walter R. Milbourne | 20.00 |
| James A. Young | 6.30 |
| James W. Christie | 100.00 |
| Barbara H. Heaton, Legal Assistant | 353.20 |
| | 479.50 |

Settlement negotiations, preparation of agreements, preparation
of appropriate notices, preparation of memorandum in support of
settlement, etc.

| | |
|---|---|
| Walter R. Milbourne | 11.40 |
| A. Grant Sprecher | .40 |
| James A. Young | 27.10 |
| James W. Christie | 85.80 |
| Barbara H. Heaton, Legal Assistant | 8.80 |
| | 133.50 |

Total Hours By Individual

| | |
|---|---|
| Walter R. Milbourne | 60.00 |
| A. Grant Sprecher | 8.90 |
| Barton Hertzbach | .60 |
| James A. Young | 39.40 |
| James W. Christie | 226.10 |
| Barbara H. Heaton, Legal Assistant | 362.00 |

Total Hours By Firm

697.00

We also anticipate the expenditure of additional time for the consummation of the settlement and the administration of the distribution of the settlement fund. We are unable at this time to estimate the additional number of hours that will be required.

THIS SCHEDULE WAS PREPARED JULY 9, 1979 TO REFLECT TIME SPENT THROUGH JULY 9, 1979.

SCHEDULE OF TIME AND DISBURSEMENT FOR
OBERMAYER, REBMANN, MAXWELL & HIPPEL

Schedúle of Straight Hourly Charges
Through July 10, 1979

| | HOURS | | RATE | | TOTAL |
|---|---|---|---|---|---|
| Walter R. Milbourne | 60 | x | $130/hr. | = | $ 7,800.00 |
| A. Grant Sprecher | 8.90 | x | $130/hr | = | 1,157.00 |
| Barton Hertzbach | .60 | x | $ 90/hr | = | 54.00 |
| James A. Young | 39.40 | x | $ 90/hr. | = | 3,546.00 |
| James W. Christie | 226.10 | x | $ 60/hr. | = | 13,566.00 |
| Barbara H. Heaton, Legal Assistant | 362.00 | x | $ 35/hr. | = | 12,670.00 |
| | | | | | $38,793.00 |

COSTS AND DISBURSEMENTS
Through July 10, 1979

| | |
|---|---|
| Duplicating | $1,065.05 |
| Tolls Calls | 131.04 |
| Travel Expenses | 627.60 |
| Postage | 22.97 |
| Filing and Service Fees | 75.22 |
| TOTAL | $2,421.88 |

Expenses for Transcripts
incurred by class plaintiff,
Philadelphia Gas Works $1,804.00

TOTAL $4,225.88

Through August 8, 1979

| | |
|---|---|
| Duplicating | $ 523.40 |
| Postage | 57.74 |
| Meals | 16.50 |
| Secretarial Services | 73.08 |
| | $ 670.72 |
| TOTAL | $4,896.60 |

## APPENDIX D

ANALYSIS OF THE TIME AND WORK PERFORMED
BY WOLF, BLOCK, SCHORR and SOLIS-COHEN

A. Current Billing Rates:

| | | |
|---|---|---|
| Seymour Kurland | – | $150.00 |
| Judah I. Labovitz | – | $135.00 |
| Ian A. L. Strogatz | – | $ 95.00 |
| Barry F. Schwartz | – | $ 90.00 |
| Henry L. Shrager | – | $ 74.00 |
| Roberta D. Liebenberg | – | $ 78.00 |
| Paralegals – | | |
| Nancy Chadwick | – | $ 41.00 |
| Nancy Axelrod | – | $ 26.00 |
| Roseann Finn | – | $ 21.00 |
| Tracey Rudd | – | $ 35.00 |

B. *Character of legal work and time expended \*:*

 1. *Initial Investigation; Meetings with Client; Research of Government Proceedings; Industry and Fact Analysis and Investigation*

| | | |
|---|---|---|
| Seymour Kurland | – | 4.5 |
| | | 4.5 |

 2. *Preparation of Pleadings and Investigation of Action*

| | | |
|---|---|---|
| Seymour Kurland | – | 3.6 |
| Ian A. Strogatz | – | 1.5 |
| Barry F. Schwartz | – | 3.0 |
| Tracey L. Rudd | – | 7.5 |
| | | 15.6 |

\* The character of work set forth herein are transposed from the law firm's computerized printouts summarizing each lawyers activities on a weekly basis throughout the year.

3. *Class Action Research; Papers and Fact Development in connection therewith*

| | | |
|---|---|---|
| Seymour Kurland | – | 20.9 |
| Judah I. Labovitz | – | 0.2 |
| Barry F. Schwartz | – | 20.1 |
| Tracey L. Rudd | – | 4.3 |

45.5

4. *Various Court Motions*

| | | |
|---|---|---|
| Seymour Kurland | – | 36.4 |
| Judah I. Labovitz | – | 31.7 |
| Barry F. Schwartz | – | 41.5 |
| Roberta D. Liebenberg | – | 5.1 |
| Nancy L. Axelrod | – | 15.0 |

129.7

5. *Discovery and Investigation, including Review of Grand Jury Documents and Transcripts*

| | | |
|---|---|---|
| Seymour Kurland | – | 21.1 |
| Judah I. Labovitz | – | 17.1 |
| Barry F. Schwartz | – | 68.5 |
| Nancy E. Chadwick | – | 10.1 |
| Nancy L. Axelrod | – | 69.5 |
| Tracey L. Rudd | – | 30.5 |

216.8

6. *Class Action Notices and Related Procedures, including Communications with Class Members and Inquiries in connection therewith*

| | | |
|---|---|---|
| Seymour Kurland | – | 24.6 |
| Judah I. Labovitz | – | 30.4 |
| Barry F. Schwartz | – | 37.7 |
| Nancy L. Axelrod | – | 38.8 |
| Roseann Finn | – | 3.0 |

134.5

7. *Meetings of Counsel and Telephone Calls Re: Fact Proceedings in the Case and* Matters Requiring Consultation of Plaintiffs' Counsel

| | | |
|---|---|---|
| Seymour Kurland | – | 18.3 |
| Judah I. Labovitz | – | 6.4 |
| Barry F. Schwartz | – | 31.7 |
| Tracey L. Rudd | – | 3.6 |
| | | 60.0 |

8. *Court Hearings*

| | | |
|---|---|---|
| Seymour Kurland | – | 5.5 |
| Judah I. Labovitz | – | 6.9 |
| Barry F. Schwartz | – | 4.5 |
| | | 16.9 |

9. *Legal Research*

| | | |
|---|---|---|
| Seymour Kurland | – | 10.0 |
| Judah I. Labovitz | – | 8.7 |
| Barry F. Schwartz | – | 34.3 |
| Henry L. Shrager | – | 68.0 |
| Roberta D. Liebenberg | – | 21.4 |
| | | 142.4 |

10. *Review of Criminal Trial and Exhibits and Analysis thereof*

| | | |
|---|---|---|
| Seymour Kurland | – | 5.4 |
| Judah I. Labovitz | – | 5.5 |
| Barry F. Schwartz | – | 22.9 |
| Nancy L. Axelrod | – | 29.6 |
| | | 63.4 |

11. *Attendance at Criminal Trial and Analysis of Trial Record*

 Barry F. Schwartz — 18.4

 Nancy L. Axelrod — 8.3

 26.7

———————

12. *Preparation for Depositions and for Trial on Expedited Basis*

 Seymour Kurland — 58.2

 Judah I. Labovitz — 27.5

 Barry F. Schwartz — 85.8

 Henry L. Shrager — 16.5

 Nancy E. Chadwick — 0.8

 Nancy L. Axelrod — 88.6

 277.4

———————

13. *Consultation and Work with Expert Witnesses*

 Seymour Kurland — 11.5

 Barry F. Schwartz — 5.0

 16.5

———————

14. *Settlement Discussions and Investigation and Confirmation of Facts Presented in connection therewith*

 Seymour Kurland — 69.2

 Judah I. Labovitz — 26.7

 Barry F. Schwartz — 57.9

 Nancy L. Axelrod — 12.2

 Tracey L. Rudd — 1.3

 167.3

15. *Multi–District Proceedings*

| | | |
|---|---|---|
| Seymour Kurland | – | 1.3 |
| Barry F. Schwartz | – | 4.4 |
| Nancy L. Axelrod | – | 8.2 |

13.9

TOTAL TIME . . . 1331.1 hrs.

## ADDENDUM TO FEE APPLICATION

The hourly rates set forth below are the minimum rates which Wolf, Block, Schorr and Solis–Cohen would charge for the attorneys listed if retained on an hourly basis:

| | | | | | |
|---|---|---|---|---|---|
| Seymour Kurland | – | $150.00 | Paralegals – | | |
| Judah I. Labovitz | – | 135.00 | Nancy Chadwick | – | 41.00 |
| Ian A. L. Strogatz | – | 95.00 | Nancy Axelrod | – | 26.00 |
| Barry F. Schwartz | – | 90.00 | Roseann Finn | – | 21.00 |
| Henry L. Shrager | – | 74.00 | Tracey Rudd | – | 35.00 |
| Roberta D. Liebenberg | – | 78.00 | | | |

Based on the previously submitted schedule of work performed, the following represents the straight hourly charges:

| | Hours | | Rate | | Total |
|---|---|---|---|---|---|
| Seymour Kurland | 300.7 | x | $150./hr. | = | $45,105.00 |
| Judah I. Labovitz | 161.1 | x | $135./hr. | = | $21,748.50 |
| Ian A. L. Strogatz | 1.5 | x | $ 95./hr. | = | $ 142.50 |
| Barry F. Schwartz | 459.6 | x | $ 90./hr. | = | $41,364.00 |
| Henry L. Shrager | 84.5 | x | $ 74./hr. | = | $ 6,253.00 |
| Roberta D. Liebenberg | 26.5 | x | $ 78./hr. | = | $ 2,067.00 |
| Nancy Chadwick | 10.9 | x | $ 41./hr. | = | $ 446.90 |
| Nancy Axelrod | 270.2 | x | $ 26./hr. | = | $ 7,025.20 |
| Roseann Finn | 3.0 | x | $ 21./hr. | = | $ 63.00 |
| Tracey Rudd | 47.2 | x | $ 35./hr. | = | $ 1,652.00 |
| Totals .... | 1365.2 | | | | $125,867.10 |

COSTS INCURRED:

| | | |
|---|---|---|
| Duplicating | – | $8,775.11 |
| Toll Calls | – | 213.61 |
| Travel Expenses | – | 1,103.37 |
| Special Postage | – | 719.22 |
| Witness Fees and Milage | – | 34.00 |
| Special Stenographic Services | – | 181.00 |
| Special Messenger | – | 269.20 |
| Filing Complaint and Service Fees | – | 23.60 |
| Miscellaneous Expenses | – | 87.55 |
| Total .... | | $11,406.66 |

APPENDIX D–1

FURTHER ADDENDUM TO FEE APPLICATION

SEYMOUR KURLAND, being duly sworn, deposes and says:

I am a member of the firm of Wolf, Block, Schorr and Solis–Cohen, co–counsel for plaintiffs and one of the petitioners herein and make this affidavit in support of the Addendum to Fee Application of petitioners in this case.

Upon review and reconsideration of the fee petition filed in the case and in order to avoid any apparent duplication which may appear in the fee application and in an effort to absorb paralegal costs incurred in the litigation, Exhibit B is revised. As to each of the categories of legal work performed as described in Exhibit B, the following changes are made:

3. *Class Action Research; Papers and Fact Development in connection therewith*

10 hours of Seymour Kurland's time is reduced to now be 10.9 hours.

4. *Various Court Motions*

All of Judah I. Labovitz's time (31.7 hours) is reduced.

6. *Class Action Notices and Related Procedures, including Communications with Class Members and Inquiries in connection therewith*

10 hours of Seymour Kurland's time is reduced to now be 14.6 hours.

7. *Meetings of Counsel and Telephone Calls Re: Fact Proceedings in the Case and Matters Requiring Consultation of Plaintiffs' Counsel*

15 hours of Barry F. Schwartz's time is reduced to now be 16.7 hours.

9. *Legal Research*

25 hours of Henry L. Shrager's time is reduced to now be 43 hours.

10 hours of Roberta D. Liebenberg's time is reduced to now be 11.4 hours.

12. *Preparation for Depositions and for Trial on Expedited Basis*

15 hours of Judah I. Labovitz's time is reduced to now be 12.5 hours.

All of Henry L. Shrager's time (16.5 hours) is reduced.

14. *Settlement Discussions and Investigation and Confirmation of Facts Presented in connection therewith*

All of Barry F. Schwartz's time (57.9 hours) is reduced.

In addition, all paralegal time in each of the categories is totally eliminated from the petition.

As a result of the foregoing changes, the total time is reduced from 1365.2 hours to 842.8 hours, and the total straight hourly charges is reduced from $125,867.10 to $96,-961.50.

(s) Seymour Kurland
SEYMOUR KURLAND

SWORN TO AND SUBSCRIBED before me this 5th day of DECEMBER, 1979.

APPENDIX E HOURS THROUGH JULY 6, 1979

GROSS & SKLAR, P. C.

COUNSEL FOR PENNSYLVANIA GAS
& WATER COMPANY

GAS METERS ANTITRUST
LITIGATION

The following schedules represent the categories of work performed by each lawyer in Gross & Sklar, P.C. the hourly rates of the lawyers, and the costs incurred in the prosecution of the Gas Meters Antitrust Litigation.

WORK PERFORMED

| Attys. | P&B | RES. | DEP. | DOC. | DIS. | CT. | STL. | ADM. | MTG. | SPC. | CTL.* | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bernard Gross | 40.00 | 14.50 | .25 | 19.50 | 99.25 | 6.75 | 11.50 | 6.00 | 15.00 | .50 | 7.50 | 220.75 |
| Warren Rubin | 28.00 | 1.75 | | 36.00 | 51.50 | 7.75 | 7.00 | 5.50 | 4.75 | 2.25 | 8.00 | 152.50 |
| Alan Sagot | | | | 2.75 | | | | | | | | 2.75 |
| Totals | 68.00 | 16.25 | .25 | 58.25 | 150.75 | 14.50 | 18.50 | 11.50 | 19.75 | 2.75 | 15.50 | 376.00 |

In addition to the foregoing attorney's time, paralegal time of 18.5 hours was spent on the case. Also, the law firm has primary responsibility for the administration of the settlement. It is anticipated that an additional one hundred twenty—five (125) hours will be spent by members of the firm in the administration and filing reports with the Court. The administration will be handled jointly by Bernard M. Gross, Esquire and Warren Rubin, Esquire.

### HOURLY RATES

The hourly rates set forth below are the minimum rates which Gross & Sklar, P.C. would charge for the attorneys listed if retained on an hourly basis:

| | |
|---|---|
| Bernard M. Gross | $135.00 |
| Warren Rubin | 110.00 |
| Alan J. Sagot | 65.00 |
| Paralegal | 25.00 |

Based on the foregoing schedule of work performed and the hourly rates, the following schedule represents the straight hourly charges:

| | Hours | | Rate | | Total | |
|---|---|---|---|---|---|---|
| Bernard M. Gross | 220.75 | x | $135/hr. | = | $29,801.25 | |
| Warren Rubin | 152.50 | x | $110/hr. | = | 16,775.00 | |
| Alan Sagot | 2.75 | x | $ 65/hr. | = | 178.75 | $46,755.00 |
| | | | | | 46,755.00 | |
| Paralegal | 18.50 | x | $ 25/hr. | = | 462.50 | 462.50 |

* The definitions of the various categories is attached hereto as Exhibit "A".

Future Time for Administration:

| | Hours | | Rate | | Total | |
|---|---|---|---|---|---|---|
| Bernard M. Gross | 62.50 | x | $135/hr. | = | $ 8,437.50 | |
| Warren Rubin | 62.50 | x | $110/hr. | = | 6,875.00 | 15,312.50 |
| | | | | | $15,312.50 | |
| | | | | | | $62,530.00 |

### COSTS INCURRED

| | |
|---|---|
| Telephone Calls | $ 134.20 |
| Photocopying | 311.90 |
| Postage | 18.91 |
| Filing, Marshals and Witness Fees | 323.52 |
| Travel and Meals | 281.41 |
| TOTAL | $ 1,069.94 |

## APPENDIX F

### ROSENN, JENKINS & GREENWALD

### COUNSEL FOR PENNSYLVANIA GAS & WATER COMPANY

### GAS METER ANTI–TRUST LITIGATION

## HOURS THROUGH JUNE 28, 1979

The following schedules represent the categories of work performed by each lawyer of Rosenn, Jenkins & Greenwald, the hourly rates of the lawyers, and the costs incurred in the prosecution of the Gas Meter Anti–Trust Litigation:

### WORK PERFORMED

| Attys. | Pleadings Briefs, Etc. | Research | Discovery | Settlement | Meetings | Conferences with Client | Correspondence and Telephone Calls to Counsel | Total* |
|---|---|---|---|---|---|---|---|---|
| D. KOFF | .8 | 1.0 | .4 | .6 | 4.8 | 2.3 | 0 | 9.9 |
| L. KEISER | 5.2 | .6 | 22.6 | 2.5 | 4.8 | 1.2 | 2.0 | 38.9 |

### HOURLY RATES

The hourly rates set forth below are the minimum rates which Rosenn, Jenkins & Greenwald would charge for attorneys listed if retained on an hourly basis in a matter of this nature:

| | |
|---|---|
| David Koff | $135.00 |
| Larry S. Keiser | $ 95.00 |

### COSTS INCURRED

| | |
|---|---|
| Telephone | $ 22.40 |
| Photocopies | $ 24.20 |
| Travel & Meals | $115.50 |
| TOTAL | $162.10 |

* The definitions of the various categories is attached hereto as Exhibit "A".