760 P.2d 1282

Arlene ROMERO, as Mother and Next Friend of Gilbert Troy Romero, a Minor, Petitioner,

v.

NEW MEXICO HEALTH AND ENVIRONMENT DEPARTMENT, and Health and Social Services Department, both formerly New Mexico Health and Social Services Department, Respondents.

No. 17527.

Supreme Court of New Mexico.

Sept. 8, 1988.

Carpenter & Goldberg, P.A., Daymon B. Ely, Albuquerque, for petitioner.

Jerry Dickinson, Sp. Asst. Atty. Gen., Santa Fe, for respondents.

## OPINION

RANSOM, Justice.

We granted certiorari to review the dismissal of Arlene Romero's tort action against the former New Mexico Health and Social Services Department, which was reorganized into the separate New Mexico Health and Environment Department (HED) and Human Services Department. The appropriate successor is HED. The district court ruled that Romero's claim against HED was barred by the statute of limitations, by the Tort Claims Act, NMSA 1978, Sections 41–4–1 to –27 (Repl.Pamp. 1986), or under the common-law doctrine of sovereign immunity. The court of appeals affirmed on the grounds of sovereign immunity. We reverse.

On November 27, 1985, Arlene Romero, as mother and next friend of Gilbert Romero, filed a complaint alleging that at age four Gilbert suffered permanent injury to his right leg when, on January 19, 1974, HED nurse Joan Maestas injected a vaccine into Gilbert's sciatic nerve. It was claimed HED was negligent in failing to provide adequate training and supervision for its nursing staff, including Maestas,[1] and in failing to provide reasonable medical services. In response, HED filed a motion to dismiss in which it asserted that the claim was barred by the statute of limitations and the doctrine of sovereign immunity,

---

1. Romero also brought suit against HED employee Joan Maestas. The district court granted Maestas' motion to dismiss as well. The court of appeals reversed that dismissal, and this Court subsequently denied the petition of Maestas for a writ of certiorari.

either under common law or the Tort Claims Act.

The motion to dismiss was accompanied by the affidavit of Taylor Hendrickson, deputy director of the State Risk Management Division, which recited that HED had no insurance policy that provided coverage on behalf of the state or its employees for the acts and conduct alleged in the complaint.[2] Romero requested that the affidavit of Hendrickson be stricken, but the court ruled without addressing the motion to strike.[3] We review the trial court's ruling by the standards governing dismissal under SCRA 1986, 1–012(B)(6), see *Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n,* 85 N.M. 718, 516 P.2d 689 (1973), and take as true Romero's allegation that HED had applicable liability insurance at the time of the accident in question. The court of appeals took this same position.

■ As a preliminary matter, we hold that the Tort Claims Act does not control this cause of action. A savings clause pertaining to the Tort Claims Act provides:

SAVINGS CLAUSE.—The Tort Claims Act does not apply to any occurrence giving rise to a claim against a governmental entity or public employee arising prior to July 1, 1976. Occurrences giving rise to claims arising prior to July 1, 1976, shall be governed by the statute in effect at the time the claim arose * * *.

1978 N.M. Laws, ch. 166, § 16. Here, it is undisputed that the occurrence giving rise to Romero's claim happened prior to July 1976. Therefore, under the plain language of the savings clause, Romero's claim falls outside the Act's application.

We find the determinative issue to be whether Romero's cause of action for negligence of HED is barred under the common-law doctrine of sovereign immunity. The court of appeals decided that the Tort Claims Act did not continue the basic policy of previous statutes that provided a remedy for torts committed by the state. The court of appeals held that Romero had no remedy against HED, which was immune from suit under the common-law sovereign immunity that existed prior to *Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1975).

Although the *Hicks* court abolished common-law sovereign immunity, it chose to give only prospective effect to its abolition, dating from July 1, 1976. Therefore, governmental torts committed prior to July 1, 1976, fell under the law that existed before *Hicks. See New Mexico Livestock Bd. v. Dose,* 94 N.M. 68, 607 P.2d 606 (1980). In January 1974, the only statute that afforded Romero a remedy for his claim against the state was NMSA 1953, Section 5–6–20 (Repl.Vol. 2, pt. 1 1974), which modified common-law sovereign immunity by providing that a judgment may run against the state to the extent liability insurance covered the amount and cost of such judgment.

■ Section 5–6–20 was repealed by the enactment of the Public Officers and Employees Liability Act (POELA). 1975 N.M. Laws, ch. 334, §§ 1–19. Although the POELA did not contain a savings clause, the court of appeals correctly reasoned that the substance of Section 5–6–20 was continued in the POELA and the court correctly regarded the POELA as an extension of that section. Therefore, prior rights under Section 5–6–20, although not vested or

2. At the time of Gilbert's injury, the applicable statute provided that no judgment could run against the state unless there was liability insurance to cover the amount and cost of such judgment. NMSA 1953, § 5–6–20 (Repl.Vol. 2, pt. 1 1974).

3. Under SCRA 1986, 1–012(B)(7), if matters outside the pleading are presented on a motion to dismiss and not excluded by the court, the motion shall be treated as one for summary judgment. However, when a motion to dismiss is

treated as a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 1–056." SCRA 1986, 1–012(B)(7); *see Shriners Hosp. for Crippled Children v. Kirby Cattle Co.,* 89 N.M. 169, 171, 548 P.2d 449, 451 (1976). Romero was not given a reasonable opportunity to engage in discovery as she requested in her motion for reconsideration, which was denied.

pending, did not abate upon its repeal by the enactment of the POELA. *See Rodgers v. City of Loving,* 91 N.M. 306, 573 P.2d 240 (Ct.App.1977).

Pursuant to the analysis in *Rodgers,* the court of appeals concluded that Romero's right had not vested prior to the repeal of Section 5–6–20. In making this determination, however, the court of appeals failed to distinguish between Romero's substantive and nonsubstantive rights. Although this distinction is not dispositive under our view of the savings clause at issue here, it is incumbent to note that substantive rights deal with the creation of rights and obligations under the law as opposed to procedural or remedial rights that prescribe methods of obtaining redress or enforcement of substantive rights. *Shiflet v. Eller,* 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984); *see State ex rel. Gesswein v. Galvan,* 100 N.M. 769, 676 P.2d 1334 (1984). Romero had a substantive right to sue in a tort cause of action at the time of the injury; this substantive right vested at the time of the injury. *See Ashbaugh v. Williams,* 106 N.M. 598, 747 P.2d 244 (1987). In contrast, Romero did not have a vested right to a remedy against the state. *See Gray v. Armijo,* 70 N.M. 245, 248, 372 P.2d 821, 824 (1962). There are no vested rights in a particular remedy or method of procedure. *Id.* Remedial and procedural rights are protected constitutionally from abrogation only after a cause of action is pending. *See* N.M. Const. art. IV, § 34. Consequently, the legislature could have redefined the parameters of sovereign immunity and altered the remedy available to Romero up until Romero's case was pending. *See Gray,* 70 N.M. at 253, 372 P.2d at 827. For a case to be pending, it must be filed on the docket of some court. *Id.*

We fail to see, however, how repeal of the POELA under the Tort Claims Act, *see* 1976 N.M. Laws, ch. 58, § 27, signaled the complete abrogation of previous statutes that allowed, under certain circumstances, a remedy for victims of the alleged negligence of a state agency and its employees. The legislature clearly indicated to the contrary in the savings clause that specifically stated that prior claims "shall be governed by the statute in effect at the time the claim arose * * *." Furthermore, the successive statutory enactments addressing common-law sovereign immunity demonstrate that the legislature intended to establish a basic policy that modified the absoluteness of the doctrine.

Although the Tort Claims Act did not track language comparable to either Section 5–6–20 or Section 4(A) of the POELA, we cannot agree with the court of appeals that the basic policy of these statutes was not continued under the Tort Claims Act. Even without the language of the pertinent savings clause, we would conclude that the Act was an extension of previous statutes that recognized a limited waiver of sovereign immunity. Accordingly, under *Rodgers,* Romero's remedy to redress Gilbert's injury due to the alleged negligence of HED did not abate. Romero's claim is not barred under common-law sovereign immunity but rather retains its vitality pursuant to Section 5–6–20.

Finally, we address whether Romero's claim is barred by the controlling statute of limitations, which would be the statute in effect at the time of injury. *See Wall v. Gillett,* 61 N.M. 256, 298 P.2d 939 (1956). NMSA 1953, Section 23–1–8 was the statute in effect and provided that there was a three-year period in which to bring an action against county or state officers for injuries to a person.[4] HED initially argues that Section 23–1–8 is not the statute of limitations that is applicable to a personal injury action against a state agency. HED maintains that the statute's omission of any reference to the state or

---

**4.** With the enactment of the Tort Claims Act, NMSA 1953, Section 23–1–8 was amended to exclude reference to actions against county or state officers for injuries to a person. *See* 1976 N.M. Laws, ch. 58, § 25. The statute of limitations as amended now appears at NMSA 1978, Section 37–1–8.

any agency of the state renders that section inapplicable to Romero's personal injury suit against HED. We do not agree. In *Board of Education v. Standhardt*, 80 N.M. 543, 458 P.2d 795 (1969), this Court stated that the general statutes of limitations were applicable in all actions brought against a body politic except when otherwise expressly declared.

 Furthermore, we find unpersuasive HED's argument that NMSA 1953, Section 23–1–10 (now NMSA 1978, Section 37–1–10) is ineffective to toll the provisions of Section 23–1–8. Section 23–1–10 provides that "[t]he times limited for the bringing of actions by the *preceding provisions of this chapter* shall, in favor of minors * * *, be extended so that they shall have (1) year from and after the termination of such disability within which to commence said actions." (Emphasis added.) Section 23–1–10 applies in this case because Gilbert was a minor when he sustained his injury. HED claims that NMSA 1953, Section 23–1–17 precludes application of Section 23–1–10. Section 23–1–17 states:

> None of the provisions of this chapter shall apply to any action or suit which, *by any particular statute of this state,* is limited to be commenced within a different time, nor shall this chapter be construed to repeal any existing statute of the state which provides a limitation of any action; but in such cases the limitation shall be as provided by such statutes. (Emphasis added.)

HED reads this section to mean that the tolling provisions of Section 23–1–10 do not apply to any action that, by particular statute, must be commenced within a specific, different time. HED argues that Section 23–1–8 is precisely the type of specific limitations statute that limits actions against state officers to be commenced within three years. Because under Section 23–1–8 a different time for bringing actions against state officers was specified, HED maintains that the tolling provisions of Section 23–1–10 are inapplicable to this section.

Clearly, the reference in Section 23–1–10 to "preceding provisions of this chapter" indicates that Section 23–1–10 is applicable to Section 23–1–8. Further, "any particular statute of this state," to which reference is made in Section 23–1–17, would be a statute outside of those sections included within Sections 23–1–1 to 23–1–19 that were enacted originally under Laws 1880, Chapter 5, Sections 1 to 19. Both Sections 23–1–8 and 23–1–10 are statutes enacted originally under the laws of 1880. Therefore, Romero had until one year after his eighteenth birthday to commence this personal injury action against HED.

The district court's grant of HED's motion to dismiss is reversed and the case is remanded to the trial court. Based upon the resolution of the insurance issue upon remand, summary disposition may yet be appropriate.

IT IS SO ORDERED.

SCARBOROUGH, C.J., SOSA, Senior Justice, and STOWERS and WALTERS, JJ., concur.