807 P.2d 234

**Dolores PINEDA, on behalf of herself and her three children, Claimant–Appellee and Cross–Appellant,**

v.

**GRANDE DRILLING CORPORATION and Mountain States Mutual Insurance Co., Respondents–Appellants and Cross–Appellees.**

No. 11379.

Court of Appeals of New Mexico.

Jan. 8, 1991.

Charles C. Currier, Roswell, for claimant-appellee and cross-appellant.

Robert E. Sabin, Craig A. Orraj, Atwood, Malone, Mann & Turner, P.A., Roswell, for respondents-appellants and cross-appellees.

## OPINION

HARTZ, Judge.

Grande Drilling Corporation and Mountain States Mutual Insurance Company (respondents) challenge the award of attorneys' fees to Dolores Pineda (claimant) by the Workers' Compensation Division (WCD)[1] pursuant to its Payment and Benefit Rule V, WCA 86–4 (December 1986). On her cross-appeal claimant contends that regardless of the merits of the award of attorneys' fees under Rule V, she should have been awarded attorneys' fees pursuant to the 1986 amendments to the Workers' Compensation Act (the "Interim Act"). Claimant also challenges the constitutionality of the Interim Act's provisions regarding attorneys' fees. We hold that attorneys' fees could not be awarded pursuant to Rule V, because the rule was not in effect when claimant filed her claim. We affirm the WCD's denial of an award of attorneys' fees pursuant to the Interim Act, because claimant offered no evidence of any economic injury suffered as a result of respondents' delay in paying benefits. Finally, we reject claimant's constitutional contentions.

The WCD awarded claimant and her children benefits under the Workers' Compensation Act on account of the death of her husband in the course of his employment with Grande Drilling Company. The award

1. The title of the agency has changed from Workmen's Compensation Administration to Workers' Compensation Division. For convenience we will use the latter title in this opinion, even though some events occurred when the former title was applicable.

was for a greater amount than had been recommended by a WCD pre-hearing officer who conducted an informal conference with representatives of the parties. Respondents had rejected the pre-hearing officer's recommended resolution.

## I. PAYMENT AND BENEFIT RULE V

### A. Applicability of Article IV, Section 34

The version of Payment and Benefit Rule V relied upon by claimant states:

> (1) If at the close of a hearing and after review of the Pre–Hearing Officer's recommended resolution, the Hearing Officer finds that either party has rejected the recommended resolution without reasonable basis or without reasonable expectation of doing better at formal hearing; the Hearing Officer may:
>
> (a) In the case of a Respondent: require that Respondent pay the reasonable attorney's fees of Claimant's counsel necessitated as a result of Respondent's unreasonable rejection where said rejection was at the recommendation of Respondent's counsel.

The Interim Act, NMSA 1978, Section 52–5–4 (Cum.Supp.1986), states that rules adopted by the WCD must be filed in accordance with the State Rules Act, which requires that rules be filed with the State Records Center, NMSA 1978, Section 14–4–3 (Repl.Pamp.1988), and provides: "No rule shall be valid or enforceable until it is so filed and shall only be valid and enforceable upon such filing and compliance with any other law." NMSA 1978, Section 14–4–5 (Repl.Pamp.1988).

While reviewing the rules of the WCD to determine which version of Rule V was applicable to this case, this court noted that the original version of the rule was not filed with the State Records Center until May 26, 1987. Claimant filed her claim with the WCD on February 17, 1987; the recommended resolution of the pre-hearing officer was issued on March 25, 1987; respondents formally rejected the recommended resolution on April 21, 1987. Because it appeared that Rule V could not be the source of authority for an award of attorneys' fees in this case, we requested supplemental briefs from the parties.

Claimant's principal contention in her supplemental brief is that we should not consider on appeal the effective date of Rule V, because the issue had not been raised before the WCD. We disagree. The reasons for our disagreement can be better understood after we address the merits of the issue.

■ The State Rules Act unambiguously provides that Rule V did not become effective until it was filed on May 26, 1987. *See* § 14–4–5; *State v. Joyce,* 94 N.M. 618, 614 P.2d 30 (Ct.App.1980). This action was commenced on February 17, 1987. The question facing us is whether the rule can be applied to a case that was filed before the rule's effective date.

We find the answer in article IV, section 34 of the New Mexico Constitution, which states: "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." *See Hillelson v. Republic Ins. Co.,* 96 N.M. 36, 627 P.2d 878 (1981) (statutory increase in interest payable on judgments cannot apply to case pending at time of amendment); *US Life Title Ins. Co. of Dallas v. Romero,* 98 N.M. 699, 652 P.2d 249 (Ct.App.1982) (change in procedure for claiming homestead exemption). Although the constitutional provision speaks only of acts *of the legislature,* it also applies to regulatory agencies created by the legislature. The legislature cannot circumvent the constitutional prohibition by delegating the task to an agency. *See* Op. Oklahoma Att'y Gen. Nos. 86–18, 86–19, and 86–78 (10–8–86) (granting of exclusive franchise by Racing Commission violates constitutional ban on grant of exclusive franchises by legislature); *Juster Bros., Inc. v. Christgau,* 214 Minn. 108, 118, 7 N.W.2d 501, 507 (1943) ("[W]hat the legislature cannot do itself is *ultra vires* an administrative body with only delegated legislative power."). Our supreme court has applied article IV, section 34 to rules promulgated by that court,

*Marquez v. Wylie*, 78 N.M. 544, 434 P.2d 69 (1967), and to city ordinances, *State ex rel. Edwards v. City of Clovis*, 94 N.M. 136, 607 P.2d 1154 (1980). The provision should also apply to administrative agencies, such as the WCD. Thus, insofar as legislation authorizing rulemaking by an agency could be construed to authorize the agency to enact rules that "affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case," the legislation violates article IV, section 34. Likewise, our supreme court's broad application of the provision compels the conclusion that the word "case" should include not just judicial proceedings, but also adjudicative proceedings before the WCD. *Cf. DiMatteo v. County of Dona Ana*, 109 N.M. 374, 785 P.2d 285 (Ct.App. 1989) (considering article IV, section 34 in determining whether workers' compensation proceeding should be before a court (pursuant to former statute) or before the WCD). Therefore, we hold that article IV, section 34 of the New Mexico Constitution bars the application of Rule V to this case because the case was pending when Rule V was filed.

Claimant points out that application of Rule V in this case may have been "fair" because at the time that she initiated her claim, respondents knew that Rule V had been adopted and may even have believed that it applied. But the language of Section 14-4-5 is categorical: a rule is not valid or enforceable until it is filed. There is no implicit exception that makes the rule effective before filing with respect to those with actual notice of the rule. *See State v. Joyce.* Moreover, notice of enactment of a law is irrelevant under article IV, section 34. The effective date is the determining factor. *See Hillelson v. Republic Ins. Co.*, 96 N.M. at 38, 627 P.2d at 880 ("Since our Constitution forbids an act of the Legislature from affecting a right or remedy such as the one involved here, it follows that the

statute *in effect* when this became a pending case is applicable." (Emphasis added.))[2]

## B. Failure to Raise the Issue Before the WCD

■ Having held that the WCD lacked the power to apply Rule V in this case, we now explain why we have considered this question despite the failure of respondents to raise it either before the WCD or in its initial briefs on appeal.

We recognize the general rule that appellate courts will not consider an issue unless it was properly preserved in the lower tribunal. Claimant cites several New Mexico appellate court opinions that conform to this proposition. The requirement that issues be preserved below is expressed in the appellate rules promulgated by our supreme court. SCRA 1986, 12-216(A). On the other hand, the appellate rules provide exceptions to the requirement. Rule 12-216(B) states: "This rule shall not preclude the appellate court from considering jurisdictional questions or, in its discretion, questions involving: (1) general public interest; or (2) fundamental error or fundamental rights of a party."

Unfortunately, there is no easy test to determine whether a question is jurisdictional or involves general public interest, fundamental error, or fundamental rights of a party. On the contrary, often such terms simply express the conclusion of the court rather than advance the analysis of whether to grant review. For example, to say in this context that an error was "jurisdictional" is often just shorthand for saying that the error is one that can be considered for the first time on appeal. *See Restatement (Second) of Judgments* § 11 comment e (1982). *Cf. Sundance Mechanical & Util. Corp. v. Atlas*, 109 N.M. 683, 689-90, 789 P.2d 1250, 1256-57 (1990) (not-

---

2. Because we hold that article IV, section 34 invalidates the application of Rule V to this case, we need not consider whether the WCD would otherwise have authority to impose a Rule V sanction for conduct—the unreasonable rejection of a recommended resolution—that predated the effective date of the rule. *See*

*Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) ("[A] statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms.").

ing different meanings of "jurisdictional"); *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38, 39, 73 S.Ct. 67, 69–70, 70, 97 L.Ed. 54 (1952) (Frankfurter, J., dissenting) (eschewing use of the word "jurisdiction" in considering whether issue can be raised for first time on appeal, because the word "is a verbal coat of too many colors").

Nevertheless, the language of Rule 12–216(B) provides sufficient guidance in this case. Both the "general public interest" and the "jurisdictional" nature of the error argue in favor of our considering the applicability of Rule V.

There is no substantial public interest in the narrow question of when Rule V itself can be applied. That rule is now old enough that the question is unlikely to arise in a significant number of cases in the future.[3] Of great import, however, is the broader question of when in general WCD rules can be applied. The most recent revisions to New Mexico's Workers' Compensation Act require the WCD to promulgate a number of new rules and regulations in the near future. *See, e.g.*, December 17, 1990, draft of WCA 91–1 (notice provided in 29 N.M.Bar Bull., No. 52, Section A, at 9 (12/27/90)). We think it very much in the public interest to alert the WCD and the bar that new regulations will not apply to any case filed before the regulations are filed with the State Records Center.

 Moreover, the error in this case is closely akin to others considered for the first time on appeal on the ground that they are "jurisdictional." The subject-matter jurisdiction of a tribunal, in common understanding, refers to that tribunal's "power to enter upon the inquiry." *State v. Patten*, 41 N.M. 395, 399, 69 P.2d 931, 933 (1937) (emphasis in original omitted). Several cases illustrate what is meant by absence of that power. If the required initial pleading in a case has not been filed, the tribunal does not have jurisdiction to hear the claim, *see State v. Clark*, 56 N.M. 123, 241 P.2d 328 (1952) (failure to initiate

contempt proceeding with affidavit), so failure to file the pleading can be raised for the first time on appeal. *See Van Sickle v. Industrial Comm'n*, 121 Ariz. 115, 588 P.2d 857 (1978). The power of a three-member board to act when two of the positions on the board are vacant is also a jurisdictional matter that can be raised for the first time on appeal. *See Railroad Yardmasters of Am. v. Harris*, 721 F.2d 1332 (D.C.Cir.1983). So is the question of whether the Civil Aeronautics Board has power to issue rules that apply to banks. *See First Am. Bank of Va. v. Dole*, 763 F.2d 644 (4th Cir.1985). We have held that a district court has no jurisdiction to enter a conviction and sentence under an inapplicable statute and that such error can be raised by the appellate court on its own motion. *State v. McNeece*, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971).

As we have already said, the WCD could not apply Rule V to this case because the rule became effective while the case was pending. The error goes to the heart of the WCD's authority. The WCD had no power to inquire into whether respondents should be held accountable under the rule. In our view the error should be considered a jurisdictional defect that can be raised for the first time on appeal. *Joyce* stated that the inapplicability of a rule due to failure to file pursuant to the State Rules Act is a matter that need not be preserved below, although, because of the different context in which the issue arose, that opinion spoke of "fundamental error" rather than "jurisdictional error." Similarly, *People ex rel. Roides v. Smith*, 67 N.Y.2d 899, 492 N.E.2d 1221, 501 N.Y.S.2d 805 (1986) held that inmates disciplined by prison authorities could raise for the first time on appeal their contention that the disciplinary rules were void because they had not been filed in accordance with law.

We are not saying that we will invariably consider a challenge to the validity of a rule or statute that is raised for the first time on appeal. *See Dillon v. King*, 87

---

**3.** We need not address whether Rule V conflicts with the Interim Act, an issue raised by respon-

dents' brief.

N.M. 79, 529 P.2d 745 (1974); *Mantz v. Follingstad,* 84 N.M. 473, 505 P.2d 68 (Ct. App.1972); *Saiz v. City of Albuquerque,* 82 N.M. 746, 487 P.2d 174 (Ct.App.1971), *overruled on other grounds, Galvan v. City of Albuquerque,* 87 N.M. 235, 531 P.2d 1208 (1975). When, however, we see agency action that is " 'patently in excess of [the agency's] authority,' " *Washington Ass'n for Television & Children v. F.C.C.,* 712 F.2d 677, 682 (D.C.Cir.1983) (quoting *Detroit Edison Co. v. NLRB,* 440 U.S. 301, 312 n. 10, 99 S.Ct. 1123, 1129–30 n. 10, 59 L.Ed.2d 333 (1979)), we will not abdicate our responsibility and turn a blind eye to the error. "When both the agency and the parties have overlooked the applicable law, the reviewing court cannot go wrong by applying that law." 4 K. Davis, *Administrative Law* § 26:7, at 444 (2d ed. 1983).

In this case we see no reason not to consider the filing-date issue, even though it was not raised below. There are no facts to be developed. The only pertinent facts are the date that the workers' compensation case was filed and the date that Rule V was filed with the State Records Center, both of which are undisputed matters of record. We are not overturning any judicial precedent or even a settled practice. *Cf. Dillon v. King* (long-term practice of legislature was to turn back the clock at end of session). Claimant contends that if she had known that Rule V was invalid, she would have pressed other grounds for an award of attorneys' fees; but there is nothing unfair about requiring a party to proceed under every available theory upon which relief can be granted. Prior to the ruling of the WCD, claimant could not have been certain that she would prevail under Rule V. Indeed, respondents not only challenged the factual basis for the award under Rule V, they also contended below (and on appeal) that Rule V is invalid as being in contravention of the Workers' Compensation Act. Furthermore, claimant in fact did raise an alternative ground for the award of attorneys' fees, the issue we address next. In short, claimant suffers no unfair prejudice from our consideration for the first time on appeal of the application of the State Records Act and article IV, section 34 of the New Mexico Constitution.

## II. CROSS–APPEAL

### A. Denial of Statutory Claim for Attorneys' Fees

The Interim Act provides, with certain exceptions, that the claimant is responsible for his or her own attorneys' fees. The exception pertinent to this case appears in NMSA 1978, Section 52–1–54(C)(2) (Cum.Supp.1986), which states: "[A] workman shall be entitled to recover a reasonable attorneys' fee from an employer … in cases where the hearing officer finds that an employer acted in bad faith with regard to handling the injured workman's claim and the injured workman has suffered economic loss as a result thereof." Presumably, the purpose of this provision is to deter the employer (or its insurer) from trying to induce the claimant to settle for an inadequate amount because of economic pressure.

The WCD denied claimant recovery under this provision. The decision states, "While there is evidence of bad faith, there has been no showing of economic loss as a direct and proximate result of the bad faith." Claimant submitted no proposed finding that she had suffered economic loss. Her argument on appeal is that the delay in payment—as a matter of law—constituted the necessary "economic loss."

We agree that delay in payment may well *cause* economic loss to a claimant. Perhaps the most extreme example would be the loss of one's home for failure to make timely mortgage payments. At the other extreme may be (1) the loss of interest that would have been paid on funds temporarily residing in a checking account or (2) liability for service charges imposed by a creditor who is paid after the due date. We need not decide whether Section 52–1–54(C)(2) is satisfied by all such losses or only by those losses substantial enough that they could induce a claimant to capitulate to unreasonable demands by an employer or its insurer. In this case claimant has not preserved any claim that she suffered any economic consequences from the

delay, nor have we been pointed to any evidence in the record that would support such a claim.

To say that a delay in payment *is* an economic loss, rather than simply recognizing that delay can *cause* an economic loss, would essentially read the economic-loss requirement out of the statutory provision: Every time a claimant was ultimately awarded more than the employer had paid, there would be an economic loss. We make the natural assumption that the legislature included the words "and the injured workman has suffered economic loss as a result thereof" for a substantial purpose. *See Vaughn v. State Taxation & Revenue Dep't*, 98 N.M. 362, 366, 648 P.2d 820, 824 (Ct.App.1982) (legislature is "presumed not to have engaged in useless activities"); *State v. Doe*, 90 N.M. 776, 777, 568 P.2d 612, 613 (Ct.App.1977) (legislature "presumed not to have used any surplus words and each word has a meaning").

We hold that a delay in payment does not in itself constitute an "economic loss" within the meaning of Section 52–1–54(C)(2) and affirm the WCD's denial of an attorneys' fee pursuant to that section.

### B. Constitutional Challenge to Section 52–1–54(A)

■ Claimant contends that Section 52–1–54(A) (Cum.Supp.1986), is unconstitutional "because the statute forces the Claimant and her attorney into a conflict of interest in which the attorney must choose between following the mandates of the New Mexico Supreme Court or the requirements of the Act in awarding attorney's fees." The referenced requirements of the Act appear in Section 52–1–54(A), which states that any attorneys' fee for services rendered to a worker must be "approved as reasonable by the hearing officer," and also provides that the attorneys' fee shall not exceed 20% of the first $5,000 of benefits secured, 15% of the next $5,000, and 10% of any remaining benefits. Claimant argues that the legislation requires the attorney to take a position adverse to the client, because "the lawyer is required to argue, as best he can to the Hearing Officer, to justify the maxi-

mum allowable fee under the Act but in so doing, the lawyer deprives his client of a portion of the award."

■ We disagree with claimant's analysis. Counsel's first obligation is to the client, even at the expense of the attorneys' fee. In *Evans v. Jeff D.*, 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986), the United States Supreme Court stated that it was not necessarily improper for a district court to approve a settlement in which plaintiff's counsel waived any statutorily authorized fee to be paid by the defendant. Even though the defendant's offer of such a settlement placed plaintiff's counsel in a dilemma between advancing the attorneys' own interest or the interest of the client, the Supreme Court stated that the attorney's ethical duty was to the client. *Id.* at 727–28, 106 S.Ct. at 1537–38.

An attorney has a duty not to demand an excessive fee from a client. SCRA 1986, 16–105 (Repl.1988). We see no reason why a district court should not be empowered to review the reasonableness of a fee. It is common practice in class-action suits for the court to determine what portion of the amount recovered should be distributed to the attorneys for the class. *See, e.g., In re Gas Meters Antitrust Litigation*, 500 F.Supp. 956 (E.D.Pa.1980); *Weiss v. Drew Nat'l Corp.*, 465 F.Supp. 548 (S.D.N.Y. 1979). In such proceedings, as well as in proceedings pursuant to Section 52–1–54(A), counsel have no obligation to argue for the maximum possible fee. Counsel may argue for a reasonable fee, but are forbidden from seeking an unreasonable—that is, excessive—fee. The requirement in the Interim Act that an attorneys' fee be approved as reasonable by the hearing officer does not compel counsel to violate any ethical obligation.

■ Claimant contends, however, that the provisions in the Interim Act are rendered invalid because claimant cannot pay an attorney to contest the initial attorney's claim for a fee. She relies upon Section 52–1–54(F)(1), (Cum.Supp.1986), which states: "It is unlawful for any person to * * * receive any fees or other consideration or any gratuity on account of services

rendered on behalf of a workman in excess of the fees specified in this section[.]" We need not decide whether to adopt claimant's construction of that subsection. Claimant has nowhere in the record suggested that she has any interest in contesting the fee awarded to her attorney. In that circumstance, she has no standing to make this challenge to the constitutionality of the provision. *See Wiggs v. City of Albuquerque,* 56 N.M. 214, 242 P.2d 865 (1952) (must belong to class discriminated against to challenge denial of equal rights); *State v. Hines,* 78 N.M. 471, 432 P.2d 827 (1967) (must show own rights are impaired); *State v. Brecheisen,* 101 N.M. 38, 677 P.2d 1074 (Ct.App.1984) (no standing to challenge overbreadth).

### III. CONCLUSION

For the above reasons, we reverse the award of attorneys' fees and remand to the WCD for entry of an amended order.

IT IS SO ORDERED.

BIVINS and CHAVEZ, JJ., concur.