1999-NMSC-024

981 P.2d 789

In the Matter of HELD ORDERS OF
U S WEST COMMUNICATIONS, INC.

US West Communications, Inc.,
a Colorado corporation,
Appellant,

v.

New Mexico Public Regulation
Commission, Appellee,

and

Attorney General of the State of
New Mexico, Intervenor.

In the Matter of the Consideration of the
Adoption of a Rule Concerning
Costing Methodologies,

In the Matter of the Implementation of
New Rules Related to the Rural High
Cost and Low Income Components of
the New Mexico Universal Service Fund,

US West Communications, Inc.,
a Colorado corporation,
Appellant,

v.

New Mexico Public Regulation
Commission, Appellee,

and

GTS Telecom New Mexico,
Inc., Intervenor.

Nos. 25560, 25580.

Supreme Court of New Mexico.

May 18, 1999.

Montgomery & Andrews, P.A., Thomas W. Olson, Santa Fe, Lynn Anton Stang, U.S. West Communications, Inc., Denver, CO, for Appellant.

Dana David, Associate Counsel, New Mexico Public Regulation Commission, Santa Fe, for Appellee.

Hon. Patricia A. Madrid, Attorney General, Richard Weiner, Assistant Attorney General, Santa Fe, Jones, Snead, Wertheim, Wentworth & Jaramillo, P.A., Carol A. Clifford, Santa Fe, for Intervenors.

## OPINION

MINZNER, Chief Judge.

{1} In these two consolidated cases, we are asked to determine the proper procedure for judicial review of three orders that were issued by the New Mexico State Corporation Commission (SCC) on July 15, 1998, December 15, 1998, and December 31, 1998. On January 1, 1999, the provisions in the New Mexico Constitution for removing the SCC's orders to this Court were repealed and a new statutory procedure for appealing orders of the New Mexico Public Regulation Commission (PRC) went into effect. None of the SCC's orders in these consolidated cases were removed to this Court prior to January 1, 1999. Under these circumstances, we conclude that the new statutory procedure for appealing orders of the PRC applies here because the cases at issue were not pending

before the SCC or this Court at the time the new procedure took effect.

## I.

{2} On December 15, 1998, the SCC issued its findings of fact, conclusions of law, and order regarding the held-order waiver petitions of U S West Communications, Inc. (the Held Orders Case). U S West filed a petition for removal with the SCC in the Held Orders Case on December 23, 1998. The SCC did not act on U S West's petition. On January 14, 1999, U S West filed a notice of appeal with this Court in the Held Orders Case to "protect its right to judicial review of the [SCC's] Order if the Court finds that the Order is not removable because of the change in constitutional and statutory appellate remedies." The PRC issued an order of removal in the Held Orders Case on February 16, 1999. U S West has not timely filed the PRC's order of removal in this Court pursuant to Rule 12–605 NMRA 1999.

{3} On July 15, 1998, and on December 31, 1998, the SCC issued findings of fact, conclusions of law, and orders regarding the adoption of a rule concerning costing methodologies and the implementation of new rules related to the rural high cost and low income components of the New Mexico Universal Service Fund (the Cost Docket Case). On February 1, 1999, U S West filed a petition for removal in the Cost Docket Case with the PRC and also filed a notice of appeal with this Court regarding that case. The PRC has not acted on U S West's petition for removal in the Cost Docket Case.

{4} On February 12, 1999, U S West filed a motion in this Court to determine the proper procedure for judicial review in the Held Orders Case. On March 1, 1999, the PRC filed a similar motion with this Court in the Cost Docket Case. We consolidated the two cases for purposes of these motions and instructed the parties to submit simultaneous memoranda of law on the issue of determining the proper procedure for judicial review of the SCC orders.

## II.

{5} On November 5, 1996, New Mexico voters ratified a state constitutional amendment that created the PRC and granted it the authority to regulate public utilities in the manner provided by the Legislature. *See* N.M. Const. art. XI, §§ 1–2 (as amended 1996, effective 1999). This constitutional amendment also repealed the provisions in Article XI of the New Mexico Constitution that had granted regulatory authority to the SCC. *See* N.M. Const. art. XI, §§ 1–12, 15–17 (repealed 1999). The amendment took effect on January 1, 1999. On the same date, a new statutory procedure for appealing orders of the PRC also went into effect. *See* NMSA 1978, § 63–7–1.1 (1998, effective 1999).

{6} Under this new statutory procedure,

E. An interested party may appeal from a final order of the [PRC] by filing a notice of appeal with the supreme court asking for review of the order within thirty days of the final order. The appellant shall pay to the [PRC] any costs of preparing and transmitting the record to the court.

F. The pendency of an appeal shall not automatically stay the order appealed from. The appellant may seek to obtain a stay from the [PRC] or the supreme court.

G. The appeal shall be on the record of the hearing before the [PRC] and shall be governed by the appellate rules applicable to administrative appeals. The supreme court shall affirm the [PRC's] order unless it is:

(1) arbitrary, capricious, or an abuse of discretion;

(2) not supported by substantial evidence in the record; or

(3) otherwise not in accordance with law.

Section 63–7–1.1(E) to (G); *see also* Rule 12–601 NMRA 1999 (governing the procedure for filing and perfecting direct appeals to an appellate court from orders of administrative entities when the right to direct appeal is provided by statute).

{7} In contrast, the repealed provisions of Article XI stated, in pertinent part, that:

No general change in a rate, fare or charge shall be collected by any telephone

or telegraph company or common carrier until such proposed increase is approved by the [SCC] or, in the event of removal, until such proposed increase is approved by the supreme court.... Any company, corporation[,] common carrier[, or other party to a hearing before the SCC] which does not comply with the order of the [SCC] within the time limited therefor, may file with the [SCC] a petition to remove such cause to the supreme court....

In addition to the other powers vested in the supreme court by this constitution and the laws of the state, the said court shall have the power and it shall be its duty to decide such cases on their merits....

N.M. Const. art. XI, § 7 (repealed 1999); *see also* Rule 12–102(A)(3) NMRA 1999 (providing that removals from the SCC shall be taken to the Supreme Court); Rule 12–605 (governing procedure for filing an order of removal in the Supreme Court).

{8} U S West contends that removal is the correct procedure for judicial review in these consolidated cases. According to U S West, there are two reasons why we must apply the repealed constitutional provisions of Article XI, Section 7 rather than the new statutory provisions of Section 63–7–1.1. The first reason is that Article IV, Section 34 of the New Mexico Constitution requires that: "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." N.M. Const. art. IV, § 34. The second reason is that the Legislature has enacted a statute which requires, in pertinent part, that:

Except as otherwise provided in this section, on January 1, 1999, all pending cases, legal actions, appeals and other legal proceedings of every description and all pending administrative proceedings that involve the [SCC] ... shall be unaffected and shall continue in the name of the [PRC].

NMSA 1978, § 8–8–21(C) (1998, effective 1999). According to U S West, requiring appeal under Section 63–7–1.1 instead of removal under the former Article XI, Section 7 would unlawfully change the rules of procedure and affect the company's rights and remedies in a pending case because Section

63–7–1.1 employs a different standard of review and does not automatically stay enforcement of the SCC's orders while judicial review is pending. *Compare* § 63–7–1.1, *with* N.M. Const. art. XI, § 7 (repealed 1999).

{9} The PRC and the Attorney General contend that appeal under Section 63–7–1.1 is the correct procedure in these consolidated cases. According to the PRC and the Attorney General, there are two reasons why applying Section 63–7–1.1 in these consolidated cases does not violate the constitutional requirements of Article IV, Section 34 or the statutory requirements of Section 8–8–21(C). The first reason is that Article IV, Section 34 only applies to acts of the Legislature. The second reason is that these consolidated cases are not "pending" within the meaning of Article IV, Section 34 or Section 8–8–21(C).

{10} We agree with the PRC and the Attorney General that the amendment of Article XI of our state constitution ratified by New Mexico voters in 1996 is not an "act of the legislature" within the meaning of Article IV, Section 34. We reach this conclusion because a state constitutional amendment requires more than an act of the Legislature in order to become law. *See* N.M. Const. art. XIX, § 1 (requiring ratification by a majority of the electors before a state constitutional amendment proposed by the Legislature can become "part of this constitution").

{11} We do not agree, however, that the procedure for judicial review contemplated in Section 63–7–1.1 can be inferred from the 1996 amendment to Article XI of our state constitution alone. That amendment does not expressly state a new procedure for judicial review. Rather, the new provisions of Article XI only state that the PRC "shall have responsibility for regulating public utilities ... *in such manner as the legislature shall provide.*" N.M. Const. art. XI, § 2 (as amended 1996, effective 1999) (emphasis added). If the Legislature could not or did not provide a statutory procedure to take the place of the repealed provisions of Article XI, judicial review of the SCC's orders would not necessarily proceed in the manner set forth in Section 63–7–1.1. *See, e.g., Mills v. New*

*Mexico State Bd. of Psychologist Exam'rs,* 1997–NMSC–028, ¶ 10, 123 N.M. 421, 941 P.2d 502 ("[A] writ of certiorari [in the district court] may be utilized to obtain judicial review where an inferior court or tribunal has proceeded illegally and no appeal or other mode of review is specified by statute."). For these reasons, we conclude that an act of the legislature was required to establish the new procedure for judicial review set forth in Section 63–7–1.1.

{12} Our conclusion that the new procedure set forth in Section 63–7–1.1 is an act of the Legislature does not necessarily weigh in favor of removal, however. U S West must also show that the Held Orders Case and the Cost Docket Case were "pending" during the relevant time period within the meaning of Article IV, Section 34 of our state constitution or Section 8–8–21(C) of the new legislation. We next examine whether U S West has made such a showing under the circumstances presented here.

 {13} In our past decisions, we have observed that "[t]he definitions of a pending case vary with the construction of each particular statute." *Stockard v. Hamilton,* 25 N.M. 240, 245, 180 P. 294, 295 (1919); *accord DiMatteo v. County of Dona Ana,* 109 N.M. 374, 377, 785 P.2d 285, 288 (Ct.App. 1989). In most contexts, a case is not considered to be pending until it is "filed on the docket of some court." *Romero v. New Mexico Health & Env't Dep't,* 107 N.M. 516, 519, 760 P.2d 1282, 1285 (1988); *accord Gray v. Armijo,* 70 N.M. 245, 253, 372 P.2d 821, 827 (1962). In some contexts, however, an adjudicative proceeding before an administrative agency may constitute a pending case even though it occurs before any court action. *See Pineda v. Grande Drilling Corp.,* 111 N.M. 536, 539, 807 P.2d 234, 237 (Ct. App. 1991). With respect to both courts and administrative tribunals, the general rule is that a case is no longer considered to be pending after a final judgment is filed. *See Phelps v. Phelps,* 85 N.M. 62, 65–66, 509 P.2d 254, 257–58 (1973); *Stockard,* 25 N.M. at 244–45, 180 P. at 295; *Century Bank v. Hymans,* 120 N.M. 684, 688, 905 P.2d 722, 726 (Ct. App. 1995); *Church's Fried Chicken No. 1040 v. Hanson,* 114 N.M. 730, 732–33, 845 P.2d 824, 826–27

(Ct. App. 1992). Nevertheless, New Mexico courts have recognized exceptions in which a case will be deemed pending after the filing of a final judgment if that judgment remains under the control of the tribunal that issued it, *see Marquez v. Wylie,* 78 N.M. 544, 546, 434 P.2d 69, 71 (1967), or "if subsequent district court proceedings can be traced to appellate remand instructions or an opinion that directs a party to a new cause of action," *Elephant Butte Irrigation Dist. v. Regents of N.M. State Univ.,* 115 N.M. 229, 237, 849 P.2d 372, 380 (Ct. App. 1993) (citing *Brown v. Board of Educ.,* 81 N.M. 460, 468 P.2d 431 (Ct. App. 1970)).

{14} In all of these situations, the guiding principle underlying the courts' definition of a "pending case" has been that:

The evident intention of [Article IV, Section 34 of] the [New Mexico] Constitution is to prevent legislative interference with matters of evidence and procedure in cases that are in the process or course of litigation in the various courts of the state, and which have not been concluded, finished, or determined by a final judgment. This provision of the Constitution was inserted for the purpose of curing a well-known method, too often used in the days when New Mexico was under a territorial form of government, to win cases in the courts by legislation which changed the rules of evidence and procedure in cases which were then being adjudicated by the various courts of the state.

*Stockard,* 25 N.M. at 244–45, 180 P. at 295, *quoted with approval in Phelps,* 85 N.M. at 65, 509 P.2d at 257, *Elephant Butte Irrigation Dist.,* 115 N.M. at 236–37, 849 P.2d at 379–80, *and Brown,* 81 N.M. at 461, 468 P.2d at 432. Other provisions in our state constitution buttress this principle of maintaining an independent judiciary. *See, e.g., Board of Educ. v. Harrell,* 118 N.M. 470, 484–86, 882 P.2d 511, 525–27 (1994) (discussing judicial review as a component of due process and separation of powers).

{15} In addition, we note that there are analogous provisions of federal law that limit congressional authority to interfere in cases that are being adjudicated in the federal courts. *See, e.g., United States v. Klein,* 80

U.S. (13 Wall.) 128, 145–48, 20 L.Ed. 519 (1871) (reasoning that the United States Constitution prohibits Congress from enacting legislation to eliminate an area of jurisdiction in order to control the results in a particular case). Under these provisions, "Congress must exercise its power to limit jurisdiction in a manner consistent with constitutional limitations and the independence of the judiciary. Any jurisdictional limitation must be neutral; that is, Congress may not decide the merits of a case under the guise of limiting jurisdiction." 1 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance and Procedure*, § 2.10, at 125 (2d ed. 1992). We believe that the principle underlying these provisions must apply to the New Mexico Legislature as well. *Cf. Sena v. United States*, 147 F. 485, 489 (8th Cir. 1906) (concluding that New Mexico's territorial legislature could not take away the right of appeal when that right was "written into the very bone-work of the political organism of the territory [and, as such,] had the same force and effect as if incorporated into the Constitution of an organized state").

■ {16} Applying this principle to the facts presented here, we conclude that neither the Held Orders Case nor the Cost Docket Case are "pending cases" within the meaning of Article IV, Section 34 of our state constitution or Section 8–8–21(C) of the new legislation. We do not find anything in Sections 63–7–1.1 or 8–8–21 to suggest that the Legislature's purpose in enacting this legislation was to decide the merits of these consolidated cases under the guise of changing the procedure for judicial review. Rather, this legislation appears to serve a neutral purpose of providing an orderly procedure for the transfer of the SCC's functions to the PRC without impairing an aggrieved party's right to meaningful judicial review. *Compare* § 63–7–1.1(G) (setting forth scope of judicial review of PRC orders), *with Harrell*, 118 N.M. at 485–86, 882 P.2d at 526–27 (discussing elements required for meaningful judicial

review of administrative action). As such, we conclude that the legislation is not inconsistent with the principle that we articulated in *Stockard*. *Cf. State ex rel. State Tax Comm'n v. Faircloth*, 34 N.M. 61, 64, 277 P. 30, 31 (1929) (construing the legislation at issue in a manner consistent with "the spirit and beneficial purpose of" Article IV, Section 34 as stated in *Stockard*).

■ {17} A more literal reading of the "pending case" requirement in Article IV, Section 34 and Section 8–8–21(C) does not change this conclusion. Although we do not doubt that Article IV, Section 34 of the New Mexico Constitution and Section 8–8–21(C) of the new legislation apply to pending administrative proceedings, *see Pineda*, 111 N.M. at 539, 807 P.2d at 237, in these consolidated cases the SCC's final orders were issued before the effective date of the new procedure set forth in Section 63–7–1.1, *see Stockard*, 25 N.M. at 245, 180 P. at 295 (stating the general rule that a case is no longer considered pending for purposes of Article IV, Section 34 after a final judgment is filed). In addition, no order of removal was filed in this Court during the relevant time period because the SCC did not act on U S West's removal petition in the Held Orders Case before the SCC's authority expired and because no petition for removal was filed in the Cost Docket Case while the SCC remained in existence. *See* Rule 12–605 (requiring an order of removal from the SCC to be filed in this Court within thirty days after its entry); *Romero*, 107 N.M. at 519, 760 P.2d at 1285 ("For a case to be pending, it must be filed on the docket of some court.").[1]

{18} To be sure, the circumstances of these consolidated cases are somewhat unique because the SCC lost its constitutional authority to provide for removal of its final orders on January 1, 1999, due to the passage of a state constitutional amendment. *Cf. In re Removal of Thaxton*, 78 N.M. 668, 672, 437 P.2d 129, 133 (1968) (concluding that

---

1. None of the parties question this Court's application of the repealed provisions of Article XI, Section 7 to cases that were removed to this Court prior to January 1, 1999. *See, e.g., U.S. West Communications, Inc. v. New Mexico State Corp. Comm'n (In re 1997 Earnings of U.S. West*

*Communications, Inc.)*, 1999–NMSC–016, ¶ 2 n. 1, 127 N.M. 254, 980 P.2d 37. Those are pending cases because they were filed on the docket of this Court prior to January 1, 1999. *See Romero*, 107 N.M. at 519, 760 P.2d at 1285.

a state highway commissioner lost his office when "the constitutional provision creating the office and setting forth the details concerning it ha[d] been repealed and provision [wa]s made for a new commission which, to become operative, must be implemented by legislation which may or may not create a similar or comparable body"). Nevertheless, these unique circumstances do not justify an exception to the general rule that a case is not pending before it is on the docket of some court or after a final judgment is filed. In particular, we do not apply the exception stated in *Marquez*, 78 N.M. at 546, 434 P.2d at 71, because we cannot say that the SCC retained jurisdiction to order removal of its final orders after its constitutional authority expired and the constitutional procedure for removal was repealed. We do not apply the exception stated in *Brown*, 81 N.M. at 460–61, 468 P.2d at 431–32, because we believe the Court of Appeals correctly limited *Brown* to the situation where "subsequent district court proceedings can be traced to appellate remand instructions or an opinion that directs a party to a new cause of action," *Elephant Butte Irrigation Dist.*, 115 N.M. at 237, 849 P.2d at 380. That situation is not present here.

{19} We also will not construe Section 8–8–21(C) as conferring authority upon the PRC to issue orders of removal under the repealed provisions of Article XI, Section 7. The prohibition on affecting pending cases in Section 8–8–21(C) is qualified by the words, "Except as otherwise provided in this section." Section 8–8–21(D) provides such an exception by stating that "[a]ll ... orders and other official acts of the [SCC] ... *shall continue in effect* until amended, replaced or repealed by the [PRC]." (Emphasis added); *cf. High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599 ("[W]here several sections of a statute are involved, they must be read together so that all parts are given effect."). Allowing the PRC to order removal under the former provisions of Article XI, Section 7 would be contrary to Section 8–8–21(D) because it would mean that the SCC's orders do not take effect unless and until approved by this Court. *See* N.M. Const. art. XI, § 7 (repealed 1999). Allowing the PRC to order removal in this manner also would be contrary to the state constitutional amendment ratified by New Mexico voters in 1996 inasmuch as the constitutional provisions for removal of SCC orders were repealed by that amendment before the PRC ever came into existence.

{20} For these reasons, we conclude that the PRC is not authorized to issue orders of removal under the former provisions of Article XI, Section 7 that were repealed effective January 1, 1999. Instead, we read Section 8–8–21 as authorizing the parties to treat final orders of the SCC that were not removed to this Court prior to January 1, 1999, as final orders of the PRC for purposes of appeal under Section 63–7–1.1. Thus, appeal under Section 63–7–1.1 is the proper procedure for judicial review in these consolidated cases.

## III.

{21} For the foregoing reasons, we granted the parties' docketing motions and now determine that appeal under Section 63–7–1.1 is the proper procedure for judicial review of the SCC's final orders in these consolidated cases. Pursuant to Section 8–8–21, these final orders of the SCC shall be deemed to be final orders of the PRC for purposes of appeal under Section 63–7–1.1. In addition, U S West's notices of appeal shall be deemed to be timely filed in accordance with Section 63–7–1.1(E) and Rule 12–601. Having determined the proper procedure for judicial review, we conclude that the purpose for consolidating these cases has been satisfied, and therefore, we sever the two cases so that further proceedings in each one may proceed separately.

{22} **IT IS SO ORDERED.**

BACA, FRANCHINI and SERNA, JJ., concur.